**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ NOV 03 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

FRANTZ PENEL

                                     Plaintiff,

           -against-

THE CITY OF NEW YORK, POLICE OFFICER
GREGORY CLARKE #2224, AND JOHN DOE ##1-3
                                 Defendants.

------------------------------------------------------------------------ x

**COMPLAINT AND
JURY DEMAND**

DOCKET #

**10 5084**

ECF CASE

GERSHON, J

GO, M.J.

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which plaintiff seeks relief for the violation of his rights

secured by 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States

Constitution, and the laws and Constitution of the State of New York.

2.    The claims arise from an August 25, 2009 incident in which Officers of the New York

City Police Department ("NYPD"), acting under color of state law, intentionally and willfully

subjected plaintiff to, among other things, false arrest and excessive force.

3.    Plaintiff seeks monetary damages (special, compensatory, and punitive) against

defendants, as well as an award of costs and attorneys' fees, and such other and further relief as

the Court deems just and proper.

## JURISDICTION

4.    This action is brought pursuant to 28 U.S.C. §1331, 42 U.S.C. §1983, and the Fourth

and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and

supplementary jurisdiction over plaintiff's state law claims are asserted.

5.    The amount in controversy exceeds $75,000.00 excluding interest and costs.

6.    Venue is laid within the United States District Court for the Eastern District of New

York in that Defendant City of New York is located within, and the events occurred within, the boundaries of the Eastern District of New York.

## PARTIES

7.    Plaintiff is a citizen of the United States and at all times here relevant resided in Kings County, City and State of New York.

8.    The City of New York is a municipal corporation organized under the laws of the State of New York.

9.    All others individual defendants ("the officers"), including John Doe ##1-3, individuals whose names are currently unknown to plaintiff, are employees of the NYPD, and are sued in their individual capacities.

10.    At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

11.    On August 25, 2009 at approximately 12:45AM, plaintiff was in the vicinity of 11 Kingston Ave., Brooklyn, NY.  Plaintiff had returned from his job and decided to get some food in his neighborhood.  As he approached a local take out restaurant, he noticed several young neighbors speaking with officers.  Plaintiff ignored them and continued on his way.  Suddenly and without cause, plaintiff was grabbed from behind and shoved against a wall.  Defendant officers then began yelling at plaintiff to turn around.  Before plaintiff could even understand what was happening, he was punched in the face by an officer.  His head was violently shoved into a wall.  An officer stated, "I should break your arm".

12.    Plaintiff was handcuffed, arrested and transported to the 79th precinct.  While still in

2

police custody, he was transported to Woodhull Hospital. The laceration to his face was cleaned and stitches were applied. He was diagnosed with a laceration to the eye, facial contusions and injury to his shoulder. Plaintiff also sought additional medical attention for dizziness and pain after his release from custody.

13.    Plaintiff was ultimately charged with disorderly conduct and resisting arrest. All charges have been dismissed.

14.    At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff, and agreed, shortly after the incident, not to report each others' illegal actions and to fabricate a story and falsely charge plaintiff with offenses, to justify the injuries.

15.    During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

**DAMAGES**

16.    As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

a.    Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure;

b.    Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

c.    Violation of his New York State Constitutional rights under Article 1, Section 12

to be free from an unreasonable search and seizure;

d.      Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

e.      Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

f.      Loss of liberty;

g.      Physical pain and suffering;

## FIRST CAUSE OF ACTION
(42 U.S.C. § 1983)

17.   The above paragraphs are here incorporated by reference.

18.   Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure and to due process of law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, and are liable to plaintiff under 42 U.S.C. §1983.

19.   Defendants falsely arrested plaintiff, used excessive force against plaintiff, and failed to intervene in each other's obviously illegal actions.

20.   Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

21.   The above paragraphs are here incorporated by reference.

22.   The City is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and

they have been grossly negligent in managing subordinates who caused the unlawful condition or event. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of plaintiff's constitutional rights in this case.

23.    The aforesaid event was not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of their police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

24.    For example, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the

NYPD, once finding misconduct by an officer.

25.   The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct.   The NYPD Department Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under-utilized.   Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer, which Maddrey has done on many occasions.

26.   Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct.   Without this notification, improper search and seizure practices and incredible testimony go uncorrected.   Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions.   Alan Hevesi, as New York City Comptroller, in 1999 reported that there was a "a total disconnect" between the settlements of even substantial civil claims and police department action against officers.

27.   The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights.   Despite such notice, the City has failed to take corrective action.   This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.   Furthermore, although the City has been on notice, through plaintiff's complaints to the IAB from the first day of the incidents complained of, the City has failed to remedy the wrong.

6

28.   Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.   In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B.   Awarding plaintiff punitive damages in an amount to be determined by a jury;

C.   Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D.   Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:      Brooklyn, New York
            November 1, 2010

TO:   New York City
      Corporation Counsel Office
      100 Church Street, 4th floor
      New York, NY 10007

      Officer Gregory Clarke
      263 Tompkins Avenue
      Brooklyn NY 11221

Very truly yours,

Stoll, Glickman & Bellina, LLP
By: Nicole Bellina (NB7154)
Attorney for Plaintiff
71 Nevins Street
Brooklyn, NY 11217
(718) 852-4491
nicole_bellina@yahoo.com